The Honorable Evelyn Ammons State Representative P.O. Box 1005 Waldron, Arkansas 72958
Dear Representative Ammons:
This is in response to your request for an opinion regarding the presence of a prosecuting attorney in cases addressing petitions for family services. On behalf of Ms. Ann Burdess, Youth Liaison Counselor with Comprehensive Juvenile Services, Inc. in Scott County, you have asked the following two specific questions:
 (1) Is the presence of a prosecuting attorney necessary for a judge to hear Family-in-Need-of-Services petitions?
 (2) Can the petitioner represent himself without the presence of a prosecuting attorney?
It is my opinion that the answer to your first question is "no."
The law does not require the presence of a prosecuting attorney at proceedings addressing petitions for family services. The applicable statutes (i.e., the Family Preservation Services Act [Ark. Code Ann. §9-16-101 et seq.], the juvenile code and general juvenile court statutes [Ark. Code Ann. § 9-27-201 et seq.], and the statutes governing prosecuting attorneys [Ark. Code Ann. § 16-21-101 et seq.]) do not require a prosecuting attorney to be present at such proceedings.[1] In addition, I have previously opined that prosecuting attorneys can choose not to be present at such proceedings. See Attorney General Opinion No.92-275, a copy of which is enclosed. I therefore conclude that a prosecuting attorney need not be present at these proceedings.
It is my opinion that the answer to your second question is "yes."
The Family Preservation Services Act (Ark. Code Ann. § 9-16-101 et seq.) does not require that adult petitioners be represented by counsel. However, if the petitioner is a juvenile, which is possible under the provisions of Ark. Code Ann. § 9-27-310(b)(3)(B), he or she must be represented by counsel unless the right to representation by counsel has been waived in accordance with the provisions of Ark. Code Ann. §9-27-317. Nothing in the applicable statutes, though, indicates that the juvenile's counsel must be a prosecuting attorney. (Indeed, because prosecuting attorneys must so often take roles that are adversarial to juveniles in juvenile court, it would appear to be inappropriate for a prosecuting attorney to appear on behalf of the juvenile.) I therefore conclude that under the appropriate circumstances, petitioners may represent themselves, without the presence of a prosecuting attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] It should be noted that under the provisions of Ark. Code Ann. §9-27-305, which governs hearing procedures in juvenile courts generally, the judge is given the authority to order a "necessary party" to appear in scheduled hearings. See Ark. Code Ann. § 9-27-305(c)(2)(B). Section (f) of the same statute provides that the Arkansas Rules of Civil Procedure will apply to proceedings in juvenile court. Under the law that has developed around the Rules of Civil Procedure, a "necessary party" includes parties who claim an interest in the subject matter of the proceeding and whose ability to protect that interest would be impeded if the matter were litigated in his absence. See Rule 19, Arkansas Rules of Civil Procedure. The state has an inherent interest in petitions for family service petitions, because they involve the disbursement of funds over which the state has control. Therefore, under the authority of Ark. Code Ann. § 9-27-325, the judge in such a proceeding could order the presence of a representative of the state. Theoretically, that representative could be the prosecuting attorney; however, as a practical matter, it is more likely that such a representative would be someone from an arm of the state having more general jurisdiction than the prosecuting attorney, whose jurisdiction is limited. This is also more likely in light of the fact that in practice, prosecuting attorneys have historically appeared in these proceedings on behalf of the family seeking services, rather than on behalf of the state.